**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| REWARD SCIENCE AND TECHNOLOGY INDUSTRY GROUP CO., LTD., | Case No. 19-[_____] |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF DR. YIN ZHENGYOU PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF (I) VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING UNDER 11 U.S.C. §§ 1515 AND 1517 AND FOR RELATED RELIEF PURSUANT TO 11 U.S.C. §§ 1519, 1520 AND 1521; AND (II) *EX PARTE* APPLICATION FOR ORDER (A) GRANTING PROVISIONAL RELIEF AND (B) SCHEDULING HEARING ON SHORTENED NOTICE PURSUANT TO 11 U.S.C. §§ 105(A), 1519 AND 1521(A)(7)**

I, **DR. YIN ZHENGYOU**, declare under penalty of perjury under the laws of the United States of America as follows:

1.  I am a senior partner in Beijing Wei Heng Law Firm in Beijing, China. My practice is dedicated to restructuring and insolvency law. As discussed more fully below, in accordance with the provisions of Article 13 of the Enterprise Bankruptcy Law of the People's Republic of China and Article 20 of the Provisions of the Supreme People's Court on Designating the Administrator During the Trial of Enterprise Bankruptcy Cases, Beijing Wei Heng Law Firm has been appointed by the People's Court of Chaoyang District, Beijing, China (the "**Beijing Court**") as the administrator (the "**Administrator**") for Reward Science and Technology Industry Group Co., Ltd. ("**Reward**" or the "**Debtor**") with me as the "person in charge."

2.  I am over 21 years of age and am competent to testify and to provide this Declaration in support of (A) the *Verified Petition for Recognition of Foreign Main Proceeding Under 11 U.S.C. §§ 1515 and 1517 and for Related Relief Pursuant to 11 U.S.C. §§ 1519, 1520 and 1521* (the "**Verified Petition**"), which seeks entry of an

order recognizing my appointment by the Beijing Court on behalf of the Administrator with respect to Reward, recognizing the bankruptcy and reorganization proceeding pending with respect to Reward before the Beijing Court and granting related relief pursuant to sections 1520 and 1521 of the Bankruptcy Code; and (B) the *Ex Parte Application for Order (A) Granting Provisional Relief and (B) Scheduling Hearing on Shortened Notice Pursuant to 11 U.S.C. §§ 105(a), 1519 and 1521(a)(7)* (the "**Application**"), both of which are filed contemporaneously herewith.

3.  This Declaration is comprised of both statements of legal opinion and statements of fact.  Where the matters stated in this Declaration are statements of legal opinion, such statements represent my view of the applicable laws of the People's Republic of China (the "**PRC**") as a practicing PRC lawyer.

4.  Where the matters stated in this Declaration are statements of fact that are within my personal knowledge, they are true.  Where the matters stated in this Declaration are statements of fact that are not within my personal knowledge, they are derived from documents or information supplied to me by or on behalf of the Administrator or the Debtor and are true to the best of my knowledge, information and belief.

**Professional Background**

5.  I was awarded a Bachelor of Laws (L.L.B.) degree from Anhui Fuyang Normal College in Fuyang City, Anhui Province, China on July 1, 1991.  I received my Master of Laws (L.L.M.) degree from the China University of Political Science and Law in Beijing, China on July 1, 1997.  I obtained my Doctor of Philosophy (Ph.D.) in law from the Renmin University of China in Beijing, China on July 1, 2013.

6.  I passed the Chinese Bar Examination and received the Qualification Certificate in 1997.

7.   I obtained the Chinese Attorney's Practising Certificate in 1999.

8.   I joined Wei Heng Law Firm in Beijing, China in April 1998. I am now the head of the Restructuring and Insolvency Department of Wei Heng Law Firm and have held this position since August 2006. I specialize in corporate bankruptcy, reorganization, company law and arbitration. I have extensive experience representing major Chinese and international companies, including debtors and creditors, in complex workouts, restructuring and bankruptcy planning. A copy of my C.V. is attached hereto as **Exhibit 1**.

9.   I am one of only ten legal professionals who has been qualified to act as a bankruptcy administrator by the High People's Court of Beijing. I played a substantial role in the drafting of the Interpretation of PRC's Enterprise Bankruptcy Law. I am the Executive Director of the China Bankruptcy Law Forum; Vice President and Secretary General of the Beijing Bankruptcy Law Society; Director of the Restructuring and Insolvency Committee of the All-China Lawyers Association; Director of the Bankruptcy and Liquidation Law Committee of the Beijing Lawyers Association; and Executive Chairman of the East Asian Association of Insolvency and Restructuring-China Chapter.

10.  Based on the foregoing, I am an expert in PRC insolvency law and the bankruptcy and reorganization process in the PRC. In addition, based on my experience in cross-border insolvency matters, I am reasonably familiar with the provisions of Chapter 15 of the United States Bankruptcy Code.

## Background to Case

11.  Reward is registered in the Beijing Municipal Administration of Industry and Commerce, Chaoyang Branch as a limited liability company. The Debtor's

address is 203 Second Section of Lize Zhongyuan Wangjing, Chaoyang District, Beijing, People's Republic of China.

12. Reward is engaged primarily in the business of producing chemical materials and daily chemical products, importing and exporting goods, providing import and export agency services, importing and exporting technology, real estate development and property management. Reward employs approximately 91 people in Beijing.

13. The shareholders of Reward are Hu Keqin (holding 82.66%), Hu Jingzhu (holding 15.99%) and Li Guiling (holding 1.35%).

14. Reward has several wholly-owned subsidiaries, including but not limited to Beijing Xiaoxing Computer Technology Co., Ltd.; Reward(HK) International Co., Ltd.; Beijing Reward Property Management Co., Ltd.; Beijing Reward International Trade Co., Ltd.; Beijing Reward Homecare Chemical Co., Ltd.; Reward International Holdings Co., Ltd.; and Beijing Shuangwa Dairy Co., Ltd.

*Reward's Bankruptcy and Reorganization Proceeding Before the Beijing Court*

15. At the end of 2018, Reward found that it was suffering from a severe liquidity crisis, largely caused by an overall slowdown of the economy and tightening lending policies in China.

16. In light of the acute liquidity crisis that it faced, Reward held an interim shareholders' meeting on December 27, 2018, and resolved with unanimous consent by all shareholders to apply for bankruptcy and reorganization.

17. In April 2019, Reward submitted its bankruptcy and reorganization application to the Beijing Court, pursuant to the Enterprise Bankruptcy Law of the PRC (the "**Enterprise Bankruptcy Law**"), on the grounds that it is unable to pay off its debts due and is obviously insolvent. In connection with that application, Reward

demonstrated to the Beijing Court that although it has been plunged into operational difficulties due to its current liquidity crisis, it is still meaningful for Reward to be reorganized based on its operational conditions, brand quality and industry outlook.

18.    For these reasons, the Beijing Court issued an award ((2019) Jing 0105 Po Shen No. 20), dated May 13, 2019, granting Reward's application for bankruptcy and reorganization (the "**Award**").  An official copy and a true and correct translation of the Award is annexed hereto as **Exhibit 2**.[1]  Pursuant to the Award, the Beijing Court held as follows:

- in accordance with the provisions under Article 2 of the Enterprise Bankruptcy Law, if a company is unable to pay off its debts due and its assets are insufficient to pay off all its debts or such company is obviously insolvent, or is obviously likely to become insolvent, it may undergo reorganization according to the provisions of the Enterprise Bankruptcy Law.
- Reward is registered with Beijing Municipal Administration of Industry and Commerce, Chaoyang Branch and its domicile is in Chaoyang District, Beijing; thus, the Beijing Court shall have jurisdiction over this case.
- As to bankruptcy eligibility, Reward is a duly established limited liability company and thus is eligible for reorganization under the relevant provisions of the Enterprise Bankruptcy Law.
- Although Reward is unable to pay off its debts due and is obviously insolvent, it has been plunged into crisis due to short-term capital chain break and has submitted relevant materials demonstrating the feasibility of its reorganization.
- In summary, this case meets the conditions for applying for bankruptcy and reorganization, and Reward's application is hereby accepted.

*See* Award at 1-2.  Based on the issuance of the Award by the Beijing Court, it is clear that there is a foreign proceeding (the "**Beijing Proceeding**") pending in the Beijing Court.

---

[1]    Filed contemporaneously herewith is the *Declaration of Liu Xiaoyan Certifying Translations of Civil Award and Decision of Beijing People's Court of Chaoyang District, Beijing, China* (the "**Liu Declaration**") .  As set forth in the Liu Declaration, an official copy of the Award was translated from Mandarin to English by the Chief Translator of Freshfields Bruckhaus Deringer LLP in Hong Kong.

19.     On June 24, 2019, the Beijing Court entered a decision ((2019) Jing 0105 Po No. 26) appointing Beijing Wei Heng Law Firm as the Administrator for Reward with me specifically designated as the "person in charge" (the "**Decision**"). An official copy and a true and correct translation of the Decision is attached hereto as **Exhibit 3**.[2]

20.     The Decision specifies that in addition to the Administrator's obligations under the Enterprise Bankruptcy Law, the Administrator shall:

1) Take over the assets, stamps, books, documents and other materials of the Debtor;
2) Investigate and prepare a report on the financial status of the Debtor;
3) Determine the internal management affairs of the Debtor;
4) Determine the daily expenses and other necessary expenses of the Debtor;
5) Determine whether the Debtor should continue or terminate its operations before convening the first creditors' meeting;
6) Manage and dispose of the Debtor's assets;
7) Participate in lawsuits, arbitration proceedings or other legal proceedings on behalf of the Debtor;
8) Make a proposal for convening the creditors' meeting; and
9) Perform other duties which, in the opinion of the Beijing Court, should be performed by the Administrator.

## Chapter 15 Filing

21.     On or about July 19, 2019, Pinpoint Multi-Strategy Fund, Value Partners Greater China High Yield Income Fund and Value Partners Credit Opportunities Fund SP (collectively, the "**Pinpoint State Court Plaintiffs**") commenced an action (the "**Pinpoint State Court Action**") against Reward and two of its affiliates in the Supreme Court of the State of New York, County of New York

---

[2] As set forth in the Liu Declaration, an official copy of the Decision was translated from Mandarin to English by the Chief Translator of Freshfields Bruckhaus Deringer LLP in Hong Kong.

(the "**New York State Court**"). A copy of the complaint filed in the Pinpoint State Court Action referencing Index No. 654153/2019 is attached to the Verified Petition as **Exhibit A**. In sum, the complaint in the Pinpoint State Court Action alleges that Reward failed to make a required payment under certain 2017 1st short-term bonds (the "**Short Term Bonds**"); that the default under the Short Term Bonds triggered a cross-default under a series of 7.25% notes due January 2020 (the "**2020 Notes**") issued by Reward International Investment Limited, an indirect subsidiary of Reward; and that Reward guaranteed the payment of "interest and principal on the 2020 Notes in accordance with the terms thereof if, [the issuer] failed to do so." Pinpoint Complaint ¶ 60. The Pinpoint State Court Plaintiffs allege that they have suffered damages amounting to not less than $76,777,000.

22.    Reward received notice of the Pinpoint complaint in the State Court Action on or about August 12, 2019. On or about August 17, 2019, I requested an extension from the Pinpoint State Court Plaintiffs of Reward's time to answer. A copy of my request for an extension is attached hereto as **Exhibit 4**. On August 23, 2019, the Pinpoint State Court Plaintiffs, through counsel, denied my request for an extension and issued a list of demands. A copy of counsel's response to my request for an extension is attached hereto as **Exhibit 5**.

23.    On or about August 21, 2019, BFAM Asian Opportunities Master Fund, LP ("**BFAM**," and together with the Pinpoint State Court Plaintiffs, the "**State Court Plaintiffs**") commenced an action (the "**BFAM State Court Action**," and together with the Pinpoint State Court Action, the "**State Court Actions**") against Reward and the same two subsidiaries in the New York State Court pursuant to a Motion for Summary Judgment in Lieu of Complaint and accompanying Memorandum of Law (the "**Summary Judgment Motion**") filed in the BFAM State Court Action

referencing Index No. 654812/2019. A copy of the Summary Judgment Motion is attached to the Verified Petition as **Exhibit B**. In sum, the motion in the BFAM State Court Action alleges that Reward failed to make a required payment under the Short Term Bonds; that the default under the Short Term Bonds triggered a cross-default under the 2020 Notes issued by Reward International Investment, Limited, an indirect subsidiary of Reward; and that Reward guaranteed the payment of interest and principal on the 2020 Notes. BFAM alleges that it has suffered damages amounting to not less than $83,220,627.03. The Summary Judgment Motion is returnable in the New York State Court on October 14, 2019, with response papers due on October 4, 2019.

24. I am authorized to commence this Chapter 15 case pursuant to the Verified Petition and to file the Application in order to stay the State Court Actions, as contemplated by sections 362(a), 1519, 1520(a)(1) and 1521(a)(1) of the United States Bankruptcy Code, among other reasons. Such stay will help facilitate the Beijing Proceeding and the bankruptcy and restructuring of the Debtor pursuant to and in connection with the Beijing Proceeding. The claims advanced against Reward by the State Court Plaintiffs in the State Court Actions can and will be addressed in connection with the Beijing Proceeding.

## Enterprise Bankruptcy Law and the Beijing Proceeding

*The law governing the Beijing Proceeding*

25. As set out above, the primary legal authority governing the bankruptcy and reorganization of the Debtor in the Beijing Proceeding is the Enterprise Bankruptcy Law.

26. The Enterprise Bankruptcy Law was enacted with a view to regulating the procedures for company bankruptcy cases, fairly settling claims and debts,

safeguarding the lawful rights and interests of creditors and debtors, and maintaining the order of the socialist market economy. *See* Enterprise Bankruptcy Law, Art. 1.

27. Where a company cannot pay off its debts due and its assets are not enough for paying off all the debts, or it apparently lacks the ability to pay off all of its debts, it may undergo reorganization according to the provisions of the Enterprise Bankruptcy Law. *See* Enterprise Bankruptcy Law, Art. 2.

28. Article 5 of the Enterprise Bankruptcy Law provides that once a bankruptcy proceeding is initiated, it shall come into effect in respect of the debtor's property outside the territory of the PRC.

29. Article 13 of the Enterprise Bankruptcy Law provides that when the people's court decides to accept an application for bankruptcy, it shall designate an administrator at that time.

30. Pursuant to Article 23 of the Enterprise Bankruptcy Law, a bankruptcy administrator shall perform his or her duties according to the provisions of the Enterprise Bankruptcy Law, report on his or her duties to the people's court and be subject to supervision by the creditors' meeting and the creditors' committee.

31. Article 20 of the Enterprise Bankruptcy Law provides that, after the court accepts an application for bankruptcy, any civil action or arbitration involving the debtor that has been started but has not yet been concluded shall be suspended.

32. Article 21 of the Enterprise Bankruptcy Law provides that, after the people's court accepts an application for bankruptcy, a civil action against the debtor can only be filed with the said people's court.

33. Article 25 of the Enterprise Bankruptcy Law provides that an administrator shall perform the following duties:

>  1. take over the property, seals, account books, documents and other data of the debtor;

2. investigate the financial position of the debtor and prepare a report on such position;

3. decide on matters of internal management of the debtor;

4. decide on the day-to-day expenses and other necessary expenditures of the debtor;

5. decide, before the first creditors' meeting is held, to continue or suspend the debtor's business;

6. manage and dispose of the debtor's property;

7. participate in legal actions, arbitrations or any other legal procedure on behalf of the debtor;

8. propose to hold creditors' meetings; and

9. perform other duties that the people's court deems that he or she should.

34. Chapter VI of the Enterprise Bankruptcy Law governs declaration of claims. More specifically, Article 44 provides that as of the time when the people's court accepts an application for bankruptcy, a creditor holding a claim against the debtor may exercise his or her right in respect of such claim according to the procedures set forth in the Enterprise Bankruptcy Law. These procedures are set forth in Articles 45-58 of the Enterprise Bankruptcy Law.

35. Chapter VII of the Enterprise Bankruptcy Law contains provisions concerning the conduct of creditors' meetings and the establishment of a creditors' committee. The first creditors' meeting is expected to take place in October or November 2019. A creditors' committee is expected to be elected at the first creditors' meeting.

36. Article 68 of the Enterprise Bankruptcy Law provides that the creditors' committee shall perform the following functions and powers:

1. supervise the management and disposition of the debtor's property;

2. supervise the distribution of the bankruptcy property;

3. propose the convening of a creditors' meeting; and

4. other functions and powers as entrusted by the creditors' meeting.

37. Chapter VIII of the Enterprise Bankruptcy Law addresses the process for reorganization of a business enterprise. Section II of Chapter VIII contains express provisions for formulation and approval of a reorganization plan. The reorganization plan has not been drafted as of the date of this Declaration.

38. Section III of Chapter VIII addresses implementation of the reorganization plan.

### The Beijing Proceeding is a "Foreign Proceeding" Within the Meaning of Section 101(23) of the Bankruptcy Code

39. I am advised by United States counsel that the term "foreign proceeding" is defined in section 101(23) of the Bankruptcy Code to mean:

> *a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the company are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.*

11 U.S.C. § 101(23).

40. The interpretation and application of section 101(23) is ultimately a question of United States law on which I am not qualified to opine. However, it is my view that the Beijing Proceeding satisfies the definition of "foreign proceeding" set out above.

41. I say this because the Beijing Proceeding is a proceeding -

  (i). commenced pursuant to the Enterprise Bankruptcy Law, which is a law relating to the bankruptcy and reorganization of companies applicable in the PRC;
  (ii). under the supervision of the Beijing Court;
  (iii). administered by the Administrator, who resides in Beijing and is designated by the Beijing Court;
  (iv). in which the rights of all of the creditors and contributories *(i.e.* equity holders) of Reward will be determined; and
  (v). Reward's cash flow and debt liabilities are subject to the full control and administration by the Administrator who shall be supervised by the Beijing Court.

*See* 11 U.S.C. § 101(23).

## I am the "Foreign Representative" Within the Meaning of Section 101(24) of the Bankruptcy Code

42. I am advised by United States counsel that the term "foreign representative" is defined in section 101(24) of the Bankruptcy Code to mean:

> *A person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding.*

11 U.S.C. § 101(24)

43. Again, the application of section 101(24) is a matter of United States law on which I am not qualified to opine. However, it is my view that my appointment as the "person in charge" on behalf of the Administrator amply satisfies this definition. I am authorized and empowered to oversee the bankruptcy and reorganization of the Debtor's debt liabilities and affairs under the supervision of the Beijing Court.

44. Based on the foregoing, it is my view that I am the "foreign representative" of the Beijing Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

## PRC Law Relevant to the Determination of COMI

45. I am also advised by United States counsel that certain provisions of PRC law are relevant to the determination of Reward's center of main interests ("**COMI**") under section 1517 of the Bankruptcy Code.

46. Reward is a limited liability company, and was registered and established on September 28, 1995, its current business registration authority being Beijing Municipal Administration of Industry and Commerce, Chaoyang Branch.

47. Pursuant to Article 25 of the Enterprise Bankruptcy Law, the Administrator, upon appointment, takes over the property, seals, account books, documents and other data of the debtor, and manages and disposes of the debtor's property. Furthermore, pursuant to Article 24 of the Enterprise Bankruptcy Law, a person shall not serve as an administrator if such person has an interest in the case. Thus, by implication, upon the Administrator's appointment, the shareholders and management of Reward ceased to have any powers pursuant to the Enterprise Bankruptcy Law, except as otherwise provided under the Enterprise Bankruptcy Law or as authorized and supervised by the Administrator.

## Conclusion

48. I hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the information set forth above is, to the best of my knowledge, information and belief, true and correct.

Executed on this 7th day of September, 2019

_____
DR. YIN ZHENGYOU