**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| REWARD SCIENCE AND TECHNOLOGY INDUSTRY GROUP CO., LTD., | Case No. 19-12908 (MEW) |
| Debtor in a Foreign Proceeding. | |

**ORDER GRANTING RECOGNITION OF FOREIGN**
**MAIN PROCEEDING AND RELATED RELIEF**

This matter was brought before the Court by Dr. Yin Zhengyou, the court-appointed foreign representative (the "**Foreign Representative**") of Reward Science and Technology Industry Group Co., Ltd. ("**Reward**" or the "**Debtor**"), a company registered under the laws of the People's Republic of China (the "**PRC**"), in connection with a foreign main proceeding (the "**Beijing Proceeding**") commenced under the Enterprise Bankruptcy Law of the People's Republic of China (the "**Enterprise Bankruptcy Law**"), and pending before the People's Court of Chaoyang District, Beijing Municipality, People's Republic of China (the "**Beijing Court**").

The Foreign Representative filed the *Verified Petition for Recognition of Foreign Main Proceeding Under 11 U.S.C. §§ 1515 and 1517 and for Related Relief Pursuant to 11 U.S.C. §§ 1519, 1520 and 1521* (the "**Verified Petition**"), on September 9, 2019, commencing this case under Chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order granting, among other things, recognition of the Beijing Proceeding as a "foreign main proceeding" pursuant to Chapter 15 of the Bankruptcy Code; and it appearing that this Court has jurisdiction to consider the Verified Petition pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Verified Petition in this District is proper pursuant to 28 U.S.C. § 1410; and it appearing that this matter is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and it appearing that adequate and proper notice of the Verified Petition has been given, and that no other or further notice need be given; and a hearing having been held to consider the relief requested in the Verified Petition; and the *BFAM Asian Opportunities Fund, LP's Response to Verified Petition* (the "**BFAM Response**") (Dkt. No. 21) and the *Objection and Reservation of Rights of Pinpoint Multi-Strategy Fund, Value Partners Greater China High Yield Income Fund, and Value Partners Credit Opportunities Fund SP to Foreign Representative's Verified Petition for Recognition of Foreign Main Proceeding* (the "**Pinpoint Objection**" and, together with the BFAM Response, the "**Objections**") (Dkt. No. 22) having been withdrawn or otherwise resolved on the record at the hearing and on the terms set forth herein; and no other objections or other responses having been filed; and upon consideration of the *Declaration of Dr. Yin Zhengyou Pursuant to 28 U.S.C. § 1746 in Support of Verified Petition for Recognition of Foreign Main Proceeding Under 11 U.S.C. §§ 1515 and 1517 and for Related Relief Pursuant to 11 U.S.C. §§ 1519, 1520 and 1521* filed concurrently with the Verified Petition; and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Verified Petition is in the best interests of the Debtor, its creditors, and all other parties in interest; and that the legal and factual bases set forth in the Verified Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, accordingly, the Court hereby FINDS AND CONCLUDES THAT:

    A.    This Court has jurisdiction to consider the Verified Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B. The consideration of the Verified Petition and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1).

D. The Foreign Representative provided service and notice in accordance with this Court's *Order Scheduling Recognition Hearing, Prescribing Notice Procedures, and Confirming and Enforcing the Parties' Agreements with Respect to Certain Pending Litigation*, dated Sept. 13, 2019 (ECF Doc. No. 15) (the "**Interim Order**"), which service and notice constituted sufficient service and notice of this Order.

E. The Foreign Representative delivered a statement to BFAM Asian Opportunities Master Fund, LP's ("**BFAM**") and Pinpoint Multi-Strategy Fund, Value Partners Greater China High Yield Income Fund and Value Partners Credit Opportunities Fund SP (collectively, the "**Pinpoint Plaintiffs**" and, together with BFAM, the "**State Court Plaintiffs**") in accordance with paragraph 4 of the Interim Order, and the Foreign Representative has otherwise complied with the terms of the Interim Order.

F. The Objections that were filed have been overruled, withdrawn, or otherwise resolved on terms that are incorporated in this Order.

G. This Chapter 15 case was properly commenced pursuant to Sections 1504, 1509, and 1515 of the Bankruptcy Code.

H. The Foreign Representative is a "person" pursuant to Sections 101(41) and 101(24) of the Bankruptcy Code, and the Foreign Representative has satisfied the requirements of Section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

I.  The Beijing Proceeding is pending in the PRC, where the Debtor's "center of its main interests," as referred to in Section 1517(b)(1) of the Bankruptcy Code, is located, and accordingly, the Beijing Proceeding is a "foreign main proceeding" pursuant to Section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to Section 1517(b)(l) of the Bankruptcy Code.

J.  The Foreign Representative is the foreign representative of the Debtor within the meaning of Section 101(24) of the Bankruptcy Code.

K.  Subject to the terms and conditions set forth in this Order, the Foreign Representative is entitled to all the relief provided pursuant to Sections 1520 and 1521(a) of the Bankruptcy Code, including but not limited to Section 1521(a)(1), without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors.

BASED ON THE FOREGOING FINDINGS OF FACT AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:

1.  The Verified Petition is granted.

2.  The Beijing Proceeding is recognized as a "foreign main proceeding" pursuant to Section 1517(a) and 1517(b)(l) of the Bankruptcy Code, and all the effects of recognition as set forth in Section 1520 of the Bankruptcy Code shall apply.

3.  Upon entry of this Order, pursuant to Section 1520 of the Bankruptcy Code, the Beijing Proceeding shall be given its full force and effect and, among other

things, the protections of Sections 361 and 362 of the Bankruptcy Code apply to the Debtor and its assets in the United States.

4.  The Foreign Representative and the Debtor shall be entitled to the full protections and rights enumerated under Sections 1521(a)(1) and (4)-(6) of the Bankruptcy Code, and accordingly:

  a. the commencement or continuation of any individual action or proceeding concerning the Debtor's U.S. assets, rights, obligations or liabilities are stayed to the extent they have not been stayed under section 1520(a);
  b. the Foreign Representative is entrusted with the administration or realization of all or part of the Debtor's assets located in the United States;
  c. the Foreign Representative has the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations or liabilities; and
  d. paragraphs 3-5 of the Interim Order shall continue to apply in this chapter 15 case.

5.  Before commencing any enforcement action or self-help remedy against the Debtor and/or its assets outside the United States or the PRC, BFAM and the Pinpoint Plaintiffs, as applicable, shall provide the Foreign Representative and his counsel, Freshfields Bruckhaus Deringer US LLP, (attn.: Madlyn Gleich Primoff), with 10 days' prior written notice setting forth with specificity the action contemplated as well as the precise location where the action is anticipated to occur.

6.  Following receipt of a notice from BFAM and/or the Pinpoint Plaintiffs pursuant to paragraph 5 of this Order, pending further order of this Court, the Debtor shall not transfer, sell, assign or relocate any asset identified in the notice.

7.  The Debtor will provide written notice to the State Court Plaintiffs within 3 business days after the Debtor has knowledge of any enforcement action or self-help remedy taken by any other creditor against the Debtor or any of its property outside of the United States or the PRC.

8. The Foreign Representative is hereby established as the representative of the Debtor with full authority to administer the Debtor's assets and affairs in the United States.

9. Notwithstanding anything to the contrary herein, the State Court Plaintiffs' rights, remedies, claims, and the like, including those arising under or related to sections 362(d), 1506, and 1522 of the Bankruptcy Code, are expressly preserved for all purposes in relation to the treatment of and process governing its legal and economic interests in connection with the Beijing Proceeding and/or the State Court Actions against the Debtor. No findings contained herein shall be construed to prejudice the State Court Plaintiffs in any respect with regards to any subsequent relief requested in these chapter 15 cases, including any relief requested in relation to sections 362(d) and 1520(a)(1) of the Bankruptcy Code and the State Court Actions against the Debtor.

10. For the avoidance of doubt, this Order does not have any impact on, and does not enjoin, or otherwise limit in any respect, (a) the State Court Plaintiffs from continuing to litigate the State Court Actions or from initiating any additional actions against the non-Debtor defendants in those actions or (b) any deadlines to which such non-Debtor defendants are subject in such actions.

11. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. The Foreign Representative, the Debtor and its respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

13. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

14. The Foreign Representative shall serve this Order on or before October 10, 2019, which shall constitute sufficient service and notice.

15. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by any entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

New York, New York
Dated: October 8, 2019

        s/Michael E. Wiles
        _____
        Hon. Michael E. Wiles
        United States Bankruptcy Judge